**HANG PENG ZOU, Ai Qin
Chen, Petitioners,**

v.

**UNITED STATES DEPARTMENT
OF JUSTICE, Attorney General
Gonzales,[1] Respondents.**

Nos. 03–4548–AG(L), 03–4549–
AG(CON) NAC.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2005.

Yee Ling Poon, (Jay Ho Lee, on the brief), Law Offices of Yee Ling Poon, New York, New York, for Petitioner.

John P. Tavana, Assistant United States Attorney, (David V. Kirby, United States Attorney for the District of Vermont, Carol L. Shea, Assistant United States Attorney, on the brief), Burlington, Vermont, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Hang Peng Zou and Ai Qin Chen, through counsel, petition for review of the BIA decision denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the Immigration Judge's ("IJ") decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir.2005). This Court will review questions of law *de novo*. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ found that Chen had in fact been sterilized, but he seemed to have difficulty concluding that Chen's testimony was credible regarding whether the sterilization was forced. The IJ found Chen not credible as to the "circumstances surrounding her sterilization." Specifically, the IJ pointed to five factors that led to the adverse credibility determination, including: 1) the inconsistency regarding how many days Chen spent in the hospital, 2) the inconsistency regarding how many operations Chen had, 3) the inconsistency regarding the amount of the medical expenses and when they had to be paid to the government, 4) the inconsistency re-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

garding the amount of the government fine and when Chen paid off the fine, and 5) the implausibility of Chen being able to avoid paying the fine for ten years by going into hiding. Of these factors, the first three are immaterial and should not have been relied on, because the IJ found that Chen had been sterilized.

How many operations Chen underwent, how many days she spent in the hospital, the amount of her medical expenses and when they were to be paid, and Chen's ability to avoid being able to pay her fine might well bear on whether Chen had been sterilized at all, but the IJ explicitly stated twice in his opinion that he believed Chen had been sterilized. Once one assumes that the sterilization occurred, it is not clear why these inconsistencies would undermine Chen's claim that the sterilization was forced rather than voluntary. The two factors bearing on the issue of the government fine do relate to the adversarial position of the Chinese government and thus, if not discredited, could tend to support a claim that the sterilization was forced.

Vacatur is appropriate here because "the erroneous aspects of the [agency's] reasoning are not tangential to [its findings] ... and ... the evidence supporting [those] findings is not so overwhelming" as to make remand futile. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406–07 (2d Cir.2005). We remand to enable the IJ to determine whether petitioners' claim that Chen's sterilization was forced can be substantiated.

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).